UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CIVIL NO. 1:14-cv-00417-JAW |
| | ) |
| BREEZY HILL FARMS, INC. | ) |
| GREGORY E. BELL | ) |

JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on the promissory notes and mortgages, and defendants, Breezy Hill Farms, Inc. and Gregory E. Bell having been defaulted; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the complaint; and it appearing from the Declaration of Kimberley P. Meikle that Breezy Hill Farms, Inc. and Gregory E. Bell are neither an infant nor incompetent, nor in the military service of the United States, and the total amount due to the United States, Farm Service Agency is $210,683.26, together with interest and costs; now upon Plaintiff's Motion for Default Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. Motion for Default Judgment as to defendants, Breezy Hill Farms, Inc. and Gregory E. Bell is granted for the plaintiff.

2. Breezy Hill Farms, Inc. and Gregory E. Bell have breached the conditions of plaintiff's mortgages.

3. The real property, which is the subject of this action and judgment, is as described in the complaint and as described in a real estate mortgages executed by Breezy Hill Farms, Inc.

and Gregory E. Bell recorded in the Northern Aroostook County Registry of Deeds in Volume 1556, Page 270 and Volume 1510, Page 67.

    4. There is due the United States, Farm Service Agency the sum of $175,747.56, in principal, together with $34,935.70 in interest as of October 17, 2014, for a total of $210,683.26, plus interest accruing thereafter to the date of judgment at the rate of $21.3056 per day, plus any advances made thereafter under the terms of the mortgages plus costs.

    5. If Breezy Hill Farms, Inc. and Gregory E. Bell, their successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. Section 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Aroostook County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

    6. Breezy Hill Farms, Inc. and Gregory E. Bell shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

    7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8. The plaintiff will enter a minimum bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff. Such deed shall convey the premises free and clear of all interests of Breezy Hill Farms, Inc. and Gregory E. Bell and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Aroostook County Registry of Deeds. Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises. From the proceeds of the sale of the real property and personal property, the Marshal shall first pay all costs including the costs and expenses of sale; then he shall pay Farm Service Agency the principal amount due on its mortgage of $175,747.56, plus interest in the amount of $34,935.70 through October 17, 2014, for a total of $210,683.26 , plus interest from that date through the date of judgment at the per diem rate of $21.3056, plus any advances made thereafter under the terms of the mortgages and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit. There being no other parties that have appeared in this action, any surplusage shall then be remitted to Breezy Hill Farms, Inc. and Gregory E. Bell.

10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk. If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

Dated: March 26, 2015

                                                    /s/John A. Woodcock, Jr.  
                                                    JOHN A. WOODCOCK, JR.  
                                                    U.S. DISTRICT JUDGE